# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 5, 2009

## STATE OF TENNESSEE v. RONALD LESTER BROOKS

**Direct Appeal from the Circuit Court for Madison County**
**No. 07-563   Donald H. Allen, Judge**

---

**No. W2008-02364-CCA-R3-CD  - Filed December 7, 2009**

---

The Defendant-Appellant, Ronald Lester Brooks, pleaded guilty in the Madison County Circuit Court to aggravated burglary, a Class C felony; possession of less than point five (.5) grams of cocaine with the intent to sell, a Class C felony; felony evading arrest, a Class E felony; and a third offense of driving on a revoked license, a Class A misdemeanor.  The sole issue presented for our review is whether the trial court erred in ordering Brooks to serve his felony sentences consecutively. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Gregory D. Gookin, Assistant Public Defender, Jackson, Tennessee (on appeal); David W. Camp, Jackson, Tennessee (at trial), for the Defendant-Appellant, Ronald Lester Brooks.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; James G. Woodall, District Attorney General; and Brian M. Gilliam, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

_____**Facts.** At the plea submission hearing on February 21, 2008, the State summarized the facts in Brooks' case:

> [T]he State would show that on the evening of October [27], 2006, officers with the Jackson Police Department attempted to stop a black Ford F-150 with Missouri tags that had been reported stolen out of Missouri.  They attempted to stop him at Oil Well and Walker Road here in Jackson, Madison County.  The driver then fled the scene in the vehicle north on Walker Road and then turned west on Brooksie Drive. The driver then fled at high speed, ran the stop sign at Weatheridge Road and continued west through residential yards and through the rear fence of the residence at 43 Winfield Cove.  Crashed into a storage building in the back yard at 43 Winfield

Cove. During the pursuit, two police cars also crashed. The suspect, Mr. Brooks, then fled on foot. At that time he entered the residence at 43 Winfield Cove which is the home of Daniel Vurbist (spelled phonetically) [sic]. Mr. Vurbist was inside at the time. Upon Mr. Brooks entry into the house, the homeowner locked himself in the bedroom and called 911. He then was able to escape with the help of police officers out of the bedroom window leaving Mr. Brooks alone in the house inside. Eventually officers entered into the home and arrested Mr. Brooks. They searched the vehicle that he had abandoned and found crack cocaine and powder cocaine. There were three samples that were lab tested. One was crack cocaine weighing 3.8 grams; another was powder cocaine weighing 1.1 grams and a third sample of powder cocaine weighing 0.04 grams. Also a search was done of Mr. Brooks' person. In his pant's pocket officers found cash in the amount of $2,430. They did a check of Mr. Brooks' driver's license and found it to be suspended. All of these things happened here in Madison County.

**Sentencing Hearing.** On September 8, 2008, the trial court sentenced Brooks as a Range II, multiple offender to ten years for the aggravated burglary conviction, ten years for the possession of less than point five (.5) grams of cocaine with the intent to sell conviction, and four years for the felony evading arrest conviction, which were to be served consecutively, and sentenced him to eleven months and twenty-nine days for the driving on a revoked license conviction, which was to be served concurrently to the felony offenses, for an effective sentence of twenty-four years at thirty-five percent in the Tennessee Department of Correction. On September 30, 2008, and October 2, 2008, Brooks filed timely pro se notices of appeal. On October 14, 2008, Brooks was appointed counsel, who filed a third notice of appeal on Brooks' behalf on October 16, 2008.

## ANALYSIS

We must initially address whether Brooks' pro se notices of appeal filed prior to the appointment of counsel were sufficient to appeal his case. Tennessee Rule of Appellate Procedure 4(a) states that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." Although Brooks' pro se notices of appeal were deficient because they failed to state the judgment from which relief was sought and failed to name the court to which the appeal was taken, we note that he filed both of these notices within the thirty-day deadline established by Rule 4(a). See Tenn. R. App. P. 3(f) (describing the content of a notice of appeal). Furthermore, Rule 3(f) states that "[a]n appeal shall not be dismissed for informality of form or title of notice of appeal." Id. The comment to Rule 3(f) states that "[t]he purpose of the notice of appeal is simply to declare in a formal way an intention to appeal" and "[a]s long as this purpose is met, it is irrelevant that the paper filed is deficient in some other respect." Advisory Comm'n Comment, Tenn. R. App. P. 3(f). Because Brooks' pro se notices formally declared his intent to appeal, we conclude that they were sufficient to appeal his case.

On appeal, Brooks contends that the trial court erred in ordering that he serve his felony sentences consecutively. Specifically, he argues that if the trial court had ordered that he serve his sentences concurrently, he would have received a ten-year sentence as a Range II offender, which

"would have been deserved in relation to the offenses that Appellant admitted perpetrating" and "would have more than sufficed to fulfill the principles and goals of the sentencing process." In response, the State argues that the trial court properly imposed a partial consecutive sentence on the basis of Brooks' extensive criminal record. The State further contends that Brooks is not entitled to relief because he failed to establish that the evidence preponderated against the trial court's finding that consecutive sentences for the felonies were appropriate.

On appeal, we must review issues regarding the length and manner of service of a sentence de novo with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2006). Nevertheless, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The defendant has the burden of showing the impropriety of the sentence. Sentencing Comm'n Comments, T.C.A. § 40-35-401(d) (2006). If the trial court followed the statutory sentencing procedure, made adequate findings of fact that are supported by the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the sentencing act, this court may not disturb the sentence even if a different result was preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Because the trial court properly considered the purposes and principles of the sentencing act pursuant to sections 40-35-102 and -103 and all relevant facts and circumstances, our review will be de novo with a presumption of correctness. In conducting our de novo review, this court must consider:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b) (2006); State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008).

Where a defendant is convicted of one or more offenses, the trial court has discretion to decide whether the sentences shall be served concurrently or consecutively. T.C.A. § 40-35-115(a)

(2006). A trial court may order multiple offenses to be served consecutively if it finds by a preponderance of the evidence that a defendant fits into at least one of the seven categories in section 40-35-115(b) (2006). An order of consecutive sentencing must be "justly deserved in relation to the seriousness of the offense." T.C.A. § 40-35-102(1) (2006). In addition, the length of a consecutive sentence must be "no greater than that deserved for the offense committed." T.C.A. § 40-35-103(2) (2006).

Here, the trial court imposed consecutive sentencing because Brooks was an offender "whose record of criminal activity [was] extensive." T.C.A. § 40-35-115(b)(2) (2006). This court has held that "[e]xtensive criminal history alone will support consecutive sentencing." State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997) (citing State v. Chrisman, 885 S.W.2d 834, 839 (Tenn. Crim. App. 1994)).

The trial court conducted an exhaustive review of Brooks' criminal history before summarizing his prior record:

> So by my calculations this young man, 34 years old, had I believe nine prior felony convictions, 17 prior Class A misdemeanor convictions, three prior Class B misdemeanor convictions and 6 prior Class C misdemeanor convictions. So he has 26 misdemeanor convictions and nine felony convictions on his record. So the Court finds that to be an extensive and substantial criminal history over the last 16 years. So the Court finds that he is nothing less than Range 2. He really might even qualify as Range 3 based upon the number of convictions that are present here but as part of the plea agreement, he is going to be sentenced as Range 2.

Based on Brooks' extensive criminal record, the trial court ordered felony sentences to be served consecutively:

> Now, in this case the Court finds that consecutive sentencing is appropriate in this case and the reason being is that this defendant is an offender whose record of criminal activity is extensive. . . . Not just that, I mean, he's been convicted time after time after time after time and every time he's been placed on probation or parole, he's violated it. He's gone out and committed new offenses. So the Court finds that this record is extensive.
>
> The Court is going to run the ten year sentence on [the conviction for possession of cocaine with the intent to sell] consecutive to the ten year sentence on [the conviction for aggravated burglary] and both of those ten year sentences will run consecutive to the four year sentence for felony evading arrest. Again, the way I look at this, this is a man who basically committed three different criminal episodes on that night. Number 1, he fled from the police in a stolen vehicle. Number 2, he breaks into a house in order to try to flee from the police. And then Number 3, he is found in possession of five grams of cocaine with intent to sell and found in

possession of approximately $2400. You know, this is a full-time big time drug dealer. No question about it when you look at this criminal history.

The Court finds that this total effective sentence of 24 years to serve in the Tennessee Department of Correction[] is an appropriate sentence. The 11 months and 29 days sentence, that will run concurrent to these felony charges, but these felony charges are consecutive to each other.

The court also ordered that Brooks serve these felony convictions consecutively to his prior eight-year sentence from Crockett County for which he was on parole at the time he committed the offenses in this case.

We conclude that the trial court did not err in requiring Brooks to serve the felony sentences consecutively. The record on review shows that the trial court properly found by a preponderance of the evidence that Brooks was an offender "whose record of criminal activity [was] extensive." T.C.A. § 40-35-115(b)(2) (2006). At the sentencing hearing, the trial court exhaustively reviewed Brooks' substantial criminal history, which consisted of nine felony convictions and twenty-six misdemeanor convictions, none of which were disputed by Brooks. The court also emphasized the seriousness of the offenses before concluding that an effective sentence of twenty-four years was appropriate in Brooks' case. Accordingly, upon our de novo review with a presumption of correctness, the trial court's judgments should be affirmed.

## CONCLUSION

Upon our review, the trial court did not err in ordering Brooks' felony sentences to be served consecutively for an effective sentence of twenty-four years. Accordingly, the judgments of the trial court are affirmed.

_____
CAMILLE R. McMULLEN, JUDGE